IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TROY ANTWOAN KNIGHT, )<br>AIS 202280, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>WARDEN R. CALLAWAY, et al., )<br> )<br>    Defendants. ) | CASE NO. 2:24-CV-337-ECM-KFP |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Pro se Plaintiff Troy Knight, an inmate incarcerated at Kilby Correctional Facility, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. On July 1, 2024, the Court entered a detailed Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 8. Plaintiff was cautioned his failure to comply with the July 1, 2024, Order would result in a Recommendation this case be dismissed. Plaintiff filed an Amended Complaint on July 17, 2024. Doc. 9. Because the Amended Complaint failed to comply with the instructions detailed in the Court's July 1, 2024, Order, the undersigned entered an Order on August 2, 2024, granting Plaintiff an additional opportunity to file an amended complaint which complied with the specific directives in the Court's Order requiring the filing of an amended complaint. Doc. 11. Plaintiff was informed his failure to comply with the August 2, 2024, Order would result in a Recommendation this case be dismissed. *Id*.

To date, Plaintiff has not filed an amended complaint as directed or otherwise complied with the orders of the Court.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is ORDERED that all pending motions are DENIED.

It is further ORDERED that by **September 27, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections

will not be considered. The Recommendation if not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

DONE this 13th day of September, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE